LOCHEIMER, MANN & CO. v. SOL. WEIL, Trustee, et al.

*Trustee—Power of, to Compromise Suits Affecting Trust Estate.*

1. A trustee may compromise a suit brought against him affecting the assets in his hands, and he will not be liable to the *cestui que trust*, provided he acts with due care and, in good faith, does what under the circumstances that surround him seems best for the interest of those whom it is his duty to serve; therefore,

2. Where a trustee, who in good faith and under advice of his counsel and of counsel employed by a creditor of the trustor, compromised a suit affecting the trust estate, he will not be held liable for loss accruing to such creditor, although the latter's counsel had no general or special authority to consent to such compromise.

CIVIL ACTION, heard upon exceptions to the report of a referee at April Term, 1893, of WAYNE Superior Court, before *Brown, J.*

### EXCEPTIONS TO REPORT BY PLAINTIFFS.

"The plaintiffs except to the report of the referee, filed at January Term, 1891, and for grounds of exception specify and say that said report is erroneous, for that—

"1. In paragraph 13 thereof the referee finds as a fact that H. F. Grainger was the attorney of the creditors secured in the second class of said deed of assignment, whereas the evidence shows that he was employed to represent the trustee in the actions brought against him by the attaching creditors, and his services in that behalf was paid by said trustee ($75), as shown in his account filed, marked 'B B.'

"2. In paragraph 14 thereof the referee finds as a fact that plaintiff Mann told Mr. Grainger that he (Mann) would leave the matter entirely in his (Grainger's) hands, and to do the best he could with it, whereas the evidence shows that Grainger was employed to defend the suits brought by the attaching creditors against the said trustee, and no authority given him or anyone else to compromise said suits.

"3. In paragraph 19 thereof the referee finds as facts that in said compromise the said H. F. Grainger represented the second-class creditors, among whom were the plaintiffs in this action, whereas the evidence shows that said Grainger was employed to defend the actions brought against said trustee by the attaching creditors, and the action of Sol. Weil, trustee, to plaintiffs shows that the compromise was recommended by the trustee's lawyers, and only by them, and the said Grainger had no authority to advise or consent to any compromise or judgment, so far as these plaintiffs were concerned.

"4. In paragraph 22 thereof the referee finds as facts that said Sol. Weil acted in good faith in assenting to said compromise and judgment, and for the best interests of his trust, whereas the evidence shows that the said compromise was only made that he (Weil) might get payment in full of a debt

due H. Weil & Bros., of which he was a member, in utter disregard of the right of the other creditors secured in said deed of trust, and without their knowledge or consent, or without the approval of a Court of justice; that in this connection the referee should have found as a fact that before the attaching creditors sued, the plaintiff Jacob Mann offered to take goods at cost prices in payment of plaintiffs' claim, they being in the second preferred class, and the defendant trustee refused, requiring the said Mann to pay for the same in cash, when the said Weil, trustee, well knew that the goods assigned to him inventoried, at cost, $6,437.39, and the debts in the first class only aggregated $2,836.22; that said action on the part of the trustee was a scheme to save his own debt at the expense of the other creditors, and was not in good faith, and the referee should have so found."

### EXCEPTIONS TO CONCLUSIONS OF LAW.

"1. For that the referee, in his first conclusion of law, omitted to charge the defendant trustee with the full amount of goods seized by the attaching creditors—that is, seventy-five per cent. of their inventoried price—in making up his account, so far as the plaintiffs are concerned.

"2. For that the referee, in his second conclusion of law, credits the account of the defendant trustee with disbursements, as shown in his twenty-sixth finding of facts, whereas no disbursement subsequent to the time plaintiff Jacob Mann offered to take the goods at cost price in payment of plaintiffs' claim should be allowed.

"3. For that the referee, in his third conclusion of law, finds that H. F. Grainger was attorney of the plaintiffs in this action, and leaves the inference that he legally represented them in said compromise, which said finding, accompanied by the qualification that he was only employed to assist the defendant trustee in defending suits of attaching creditors,

and for no other purpose, is misleading and not predicated upon the facts.

"4. For that the referee, in his sixth conclusion of law, finds that the defendants are entitled to judgment against the plaintiffs and their surety upon their prosecution bond for costs, whereas judgment should have been rendered in favor of the plaintiffs for the full amount of their claim, with interest and cost, as demanded in the complaint filed in said action."

The judgment rendered by his Honor was as follows:

"The principal exception argued before me was as to the alleged want of authority by Grainger to Mann to compromise the suits of Claflin *et al. v.* S. Weil, trustee, etc. It appears that Grainger represented Mann's firm of Locheimer, Mann & Co. in that suit, although they were not parties to the record. It appears that he was associated with Weil's counsel, and the two agreed to a certain judgment. Inasmuch as Locheimer, Mann & Co.'s counsel consented to the judgment, it is binding, whether Grainger had authority to agree to that judgment or not. Grainger's estate is admitted or found to be solvent, and the plaintiffs' remedy is against that, if they have any. It seems that Grainger had general authority to represent interest of plaintiffs in the suit. After considering the testimony, I see no reason to overrule any of the referee's findings of fact, and I see no error in any of his legal conclusions. The report is therefore confirmed and the several exceptions overruled. The judgment is affirmed."

From this judgment plaintiffs appealed.

Other facts necessary to an understanding of the case are stated in the opinion.

*Messrs. Fuller & Fuller*, for plaintiffs (appellants).
*Mr. S. A. Woodard*, for defendants.

BURWELL, J.: The plaintiffs are creditors of a firm, Stern & Sax, which in 1879 made an assignment to the defendant

Weil to secure the distribution of their assets among their creditors, with certain preferences therein provided for, and in this action they required of him a settlement of his trusteeship. The facts found by the referee have been confirmed by his Honor, and are thus conclusively determined. We find no error in the conclusions of law which were drawn from those facts.

As is stated in the judgment, the contention of the plaintiffs is that the defendant trustee should be held liable to them for the value of a portion of the property assigned to him, which had been attached by two of the creditors of Stern & Sax, to-wit, H. B. Claflin & Co. and Armstrong, Cator & Co. It is found that the suits brought by these two creditors, in which warrants of attachment were issued and a portion of the assigned property was seized and sold, were compromised by the trustee, and, by the terms of the compromise so made, the attaching creditors were allowed to have about two-thirds of the proceeds of the attached goods, while only one-third was paid over to the trustee.

The plaintiffs had a right to demand that the defendant trustee should be diligent and faithful in the management of the estate committed to his charge, in part for their benefit, but his compromising the suits mentioned above was not at all incompatible with either good faith or due diligence. A trustee may compromise suits brought against him affecting the assets in his hands, and he will not be liable to the *cestui que trust*, provided he has acted with due care, and in good faith has done what under the circumstances that surrounded him at the time seemed best for the interest of those whom it was his duty to honestly serve.

It may be conceded that an attorney has no authority to compromise his client's cause that has been committed to his charge without special authority so to do. That is well settled. A general employment as attorney does not include such authority. But that recognized principle does not fit

the case before us.    Here is a question of diligence and fidelity on the part of the defendant trustee.   The charge against him is that he sacrificed assets committed to him by the compromise of these suits—that he allowed one thousand dollars of the assets to be, by that compromise, diverted from the creditor to whom it belonged—to the plaintiffs in those suits, and his reply to this charge is that he acted in this matter in good faith and with due diligence, and to prove this he asserts that this compromise was made by counsel whom he had employed to represent the interest of the creditors, and after consultation with an attorney in whose hands the appellants had placed their claim against Stern & Sax for collection.

We repeat that the question here is not whether an attorney, under a general authority to conduct a suit, has authority to compromise his client's cause (which, of course, must be answered in the negative), but whether a trustee who, under advice of his own counsel and after consultation with and by the consent of counsel employed by the creditor, compromises suits affecting the trust estate, is chargeable by that creditor with lack of good faith and proper diligence because he made that compromise.    We think that this query must also be answered in the negative, and there is no error in the judgment.                                          Affirmed.